# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

HAYATO ONO, derivatively on behalf of THE HONEST COMPANY, INC.,

    Plaintiff,

    v.

NIKOLAOS VLAHOS, KELLY KENNEDY, JESSICA WARREN, KATIE BAYNE, SCOTT DAHNKE, SUSAN GENTILE, ERIC LIAW, JEREMY LIEW, AVIK PRAMANIK and JAMES WHITE,

    Defendants,

    and

THE HONEST COMPANY, INC.,

    Nominal Defendant.

[*caption continues on next page*]

Case No.: 2:21-cv-09281-MCS-PLA

[~~PROPOSED~~] ORDER CONSOLIDATING RELATED SHAREHOLDER DERIVATIVE ACTIONS, ESTABLISHING A LEADERSHIP STRUCTURE, AND STAYING CONSOLIDATED ACTION

1

MIKE WANG, derivatively on behalf of THE HONEST COMPANY, INC.,

    Plaintiff,

    v.

NIKOLAOS VLAHOS, KELLY KENNEDY, JESSICA WARREN, KATIE BAYNE, SCOTT DAHNKE, SUSAN GENTILE, ERIC LIAW, JEREMY LIEW, AVIK PRAMANIK, and JAMES WHITE,

    Defendants,

    and

THE HONEST COMPANY, INC.,

    Nominal Defendant.

Case No: 2:21-cv-09763-MCS-PLA

Pursuant to the Joint Stipulation Consolidating Related Shareholder Derivative Actions, Establishing a Leadership Structure, and Staying Consolidated Action (the "Stipulation" (ECF No. 10)) filed by the parties in the above-captioned actions (the "Related Derivative Actions"), and good cause appearing, IT IS HEREBY ORDERED THAT:

1.    The stay of proceedings in the action captioned *Hayato Ono v. The Honest Company, Inc. et al.*, Case No. 2:21-cv-09281-MCS-PLA (C.D. Cal.) (the "*Ono* Action"), as set forth in this Court's Order Staying Case dated December 28, 2021, shall be temporarily lifted for the limited and exclusive purpose of the filing of the Stipulation and the entry of this Order.

2.    The Individual Defendants accept service of the complaint in the action captioned *Mike Wang v. Nikolaos Vlahos et al.*, Case No. 2:21-cv-09763-MCS-PLA.

[PROPOSED] ORDER CONSOLIDATING RELATED SHAREHOLDER DERIVATIVE ACTIONS, ESTABLISHING A LEADERSHIP STRUCTURE, AND STAYING CONSOLIDATED ACTION

3.     The following actions are hereby consolidated for all purposes, including pre-trial proceedings and any trial, under Lead Case No. 2:21-cv-09281-MCS-PLA (hereinafter, the "Consolidated Action"), pursuant to Federal Rule of Civil Procedure 42(a):

| Case Name | Case Number | Date Filed |
|---|---|---|
| *Ono v. The Honest Company, Inc. et al.* | 2:21-cv-09281-MCS-PLA | Nov. 29, 2021 |
| *Wang v. Vlahos et al.* | 2:21-cv-09763-MCS-PLA | Dec. 17, 2021 |

4.     Every pleading filed in the Consolidated Action, or in any separate action included herein, must bear the following caption:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| IN RE THE HONEST COMPANY, INC. DERIVATIVE LITIGATION | Lead Case No. 2:21-cv-09281-MCS-PLA |
|---|---|

5.     All papers filed in connection with the Consolidated Action will be maintained in one file under Lead Case No. 2:21-cv-09281-MCS-PLA.

6.     Co-Lead Counsel for plaintiffs for the conduct of the Consolidated Action shall be:

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

7.      Co-Lead Counsel shall have the sole authority to speak for plaintiffs in all matters in the Consolidated Action regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

8.      Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of plaintiffs in the Consolidated Action. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs in the Consolidated Action except through Co-Lead Counsel.

9.      Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs in the Consolidated Action.

10.      This Order shall apply to each related shareholder derivative action involving the same or substantially the same allegations, claims, and defendants, and arising out of the same, or substantially the same, transactions or events as the Consolidated Action, that is subsequently filed in, removed to, reassigned to, or transferred to this Court ("Potential Subsequent Related Derivative Action"). When a shareholder derivative action that properly belongs as part of the Consolidated Action is hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, counsel shall assist in calling to the attention of the Clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of the Consolidated Action, and counsel shall assist in assuring that counsel in subsequent actions receive notice of this order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Action shall apply to Potential Subsequent Related Derivative Actions filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court.

11.      All papers and documents previously filed and/or served in the Related Derivative Actions shall be deemed a part of the record in the Consolidated Action. The

complaint filed in the *Ono* Action shall be deemed the operative complaint in the Consolidated Action.

12.   All proceedings in the Consolidated Action, including any motions practice, obligation to respond to the complaints filed in the Related Derivative Actions and any consolidated complaint filed in the Consolidated Action shall be stayed until any of the Defendants file an answer in the related securities class action captioned *Cody Dixon v. The Honest Company, Inc. et al*, Case No. 2:21-cv-07405-MCS-PLA (C.D. Cal.).

13.   Notwithstanding this stay, Plaintiffs may file a consolidated complaint, although Defendants shall be under no obligation to respond to the consolidated complaint during the pendency of the stay.

14.   Within twenty-one (21) days after the date that the stay is lifted, the Parties shall meet and confer and submit a proposed scheduling order governing further proceedings in the Consolidated Action.

15.   This Order is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Related Derivative Actions.


**IT IS SO ORDERED.**


Dated:   January 20, 2022                                By: _____

                                                               Mark C. Scarsi
                                                               United States District Judge

5