NOTE CHANGES MADE BY THE COURT
JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| IN RE THE HONEST COMPANY, INC. DERIVATIVE LITIGATION | Lead Case No. 2:21-cv-09281-MCS-PLA |

## <u>ORDER AND FINAL JUDGMENT</u>

This matter came before the Court for hearing on July 13, 2026, to consider approval of the proposed settlement ("Settlement") set forth in the Stipulation and Agreement of Settlement dated March 12, 2026 (the "Stipulation"). The Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support of or against the Settlement. Good cause appearing therefore, the Court enters this Order and Final Judgment (the "Judgment").

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the California Federal Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties.

3.      The Court finds that the notice of the Settlement constituted the best notice practicable under the circumstances. This Court further finds that the form and content of the Notice and Summary Notice, as previously preliminarily approved by the Court, and the means of dissemination of the notice of the Settlement fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process.

4.      The Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to each of the Settling Parties, and further finds that the Settlement is in the best interests of Honest and its stockholders.

5.      The California Federal Action and all claims contained therein, as well as all of the Released Claims against Released Persons, are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided below.

6.      Upon the Effective Date, the Released Stockholders' Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released,

2

relinquished, and discharged the Released Stockholders' Claims against the Released Defendants' Persons. Released Stockholders' Persons shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue any Released Defendants' Persons with respect to any Released Stockholders' Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Stockholders' Claims against the Released Defendants' Persons except to enforce the releases and other terms and conditions contained in the Settlement and/or the Judgment.

7. Upon the Effective Date, the Released Defendants' Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of Released Stockholders' Persons from Released Defendants' Claims. The Released Defendants' Persons shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue Released Stockholders' Persons with respect to any of Released Defendants' Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting Released Defendants' Claims against Released Stockholders' Persons except to enforce the releases and other terms and conditions contained in the Stipulation and/or the Judgment.

8. Upon the Effective Date, Honest shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Individual Defendants from Released Stockholders' Claims. Honest shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue the Individual Defendants with respect to any of Released Stockholders' Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting Released Stockholders' Claims against the Individual Defendants except to enforce the releases and other terms and conditions contained in the Stipulation and/or the Judgment.

9. During the course of the litigation, all parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure, and all other similar laws or statutes.

10.    The Court hereby approves the sum of one million one hundred ninety-five thousand dollars ($1,195,000.00) for the payment of Plaintiffs' Counsel's attorneys' fees and expenses in the Derivative Matters and finds that the Fee and Expense Amount is fair and reasonable. No other fees, costs, or expenses may be awarded to Plaintiffs' Counsel in connection with the Settlement. The Fee and Expense Amount shall be distributed in accordance with the terms of the Stipulation.

11.    The Court hereby approves the service awards of two thousand dollars ($2,000.00) for each of the Stockholders to be paid from Stockholders' Counsel's Fee and Expense Amount in recognition of Stockholders' participation and effort in the creation of the benefits of the Settlement.

12.    Neither the Stipulation, nor any of its terms or provisions, nor entry of this Judgment, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, may be construed as, or may be used as evidence of the validity of any of the claims released herein or an admission by or against the Individual Defendants of any fault, wrongdoing, or concession of liability whatsoever.

13.    Defendants may file the Stipulation and/or the Judgment in any action that has or may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Stipulation and Judgment, and for matters or disputes arising out of or relating to the Settlement.

15.    Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Stipulation and Settlement in all respects and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

16.     This Judgment is a final judgment, and the Court finds that no just reason exists for delay in entering the Judgment in accordance with the Stipulation. Accordingly, the Clerk is hereby directed to enter this Judgment forthwith in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**17.     Honest shall lodge this Order and Final Judgment in the other shareholder derivative actions subject to this global settlement, *Bisch v. Vlahos*, No. 22STCP00015 (L.A. Cnty. Super. Ct.), and *Butler v. Vlahos*, No. 1:22-cv-01373-RGA (D. Del.). Should the court presiding over either action issue an order other than one granting the parties' anticipated stipulations of dismissal, Honest shall lodge that order with this Court within three days of receipt. The Court expressly reserves discretion to vacate this Order and Final Judgment if either court elects to review the global settlement.**

**IT IS SO ORDERED.**

DATED: July 13, 2026

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE